IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Magnacross LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**OKI Data Americas Inc.,**<br><br>Defendant. | Case No. 3:20-cv-1959<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Magnacross LLC ("Plaintiff"), through its attorneys, complains of OKI Data Americas Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Magnacross LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 15922 Eldorado Pkwy Suite 500 #1572, Frisco, TX 75035.

2. Defendant OKI Data Americas Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 8505 Freeport Pkwy, Suite 600, Irving, TX 75063.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

### PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,917,304 (the "'304 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '304 Patent

8. The '304 Patent is entitled "Wireless mutliplex data transmission system," and issued 7/12/2005. The application leading to the '304 Patent was filed on 4/3//1998. A true and correct copy of the '304 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '304 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '304 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe claim 1 of the '304 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts

incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claim 1 of the '304 Patent also identified in the charts incorporated into this Count literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe claim 1 of the '304 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, claim 1, by having its employees internally test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing claim 1 to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '304 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of claim 1.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

    A. A judgment that the '304 Patent is valid and enforceable;

    B. A judgment that Defendant has infringed claim 1 of the '304 Patent;

C.  An accounting of all damages not presented at trial;

D.  A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.  And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.


Dated: July 24, 2020             Respectfully submitted,


*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Magnacross LLC**