IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| MAGNACROSS LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>OKI DATA AMERICAS INC.,<br><br>   Defendant. | Case No. 3:20-cv-01959-M |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

  Defendant, OKI Data Americas Inc., ("Defendant" or "OKI") hereby files this reply to the opposition (Dkt. 33) ("Opposition" or "Opp.") that was filed by Plaintiff, Magnacross LLC, ("Plaintiff" or "Magnacross") in response to OKI's motion to dismiss for failure to state a claim (Dkt. 26) ("OKI's Motion").

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT.......................................................................................................................2

    A. Plaintiff's Request for the "Same Result" Must be Denied......................................2

        1. Plaintiff Has Failed to Argue the Need for Claim Construction..................3

        2. Plaintiff's Recycled Brief Fails to Address Controlling Case Law .............4

    B. Claim 1 of the '304 Patent is Not Patent-Eligible as a Matter of Law ....................5

        1. *Alice* Step 1 – Claim 1 is Drawn to an Abstract Idea..................................5

        2. *Alice* Step 2 – Claim 1 Does Not Include an Inventive Step that Renders the Abstract Idea Patent-Eligible ....................................................8

III. CONCLUSION..................................................................................................................10

# TABLE OF CONTENTS

**Cases**

*Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343 (Fed. Cir. 2003) ................................. 4

*Bascom Global Internet Serv. V. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016)............... 8

*Berkheimer v. HP (II)*, 890 F.3d 1369 (Fed. Cir. 2018) ................................................................. 9

*Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971) ..................................... 2

*BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018)............................................. 8

*Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019) .............................................. 4, 6

*Customedia Technologies, LLC v. Dish Network Corp.*, 951 F.3d 1359 (Fed. Cir. 2020) ................................................................................................................................. 6

*DealerTrack, Inc. v. Huber*, 674 F.3d 1315, 1319-20 (Fed. Cir. 2012).......................................... 5

*Digitech Image Tech., LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014) ................................................................................................................................. 4, 5

*Elec. Power Grp. LLC v. Alstom SA*, 830 F.3d 1350 (Fed. Cir. 2016)........................................... 5

*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016)............................................... 6, 8

*Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363 (Fed. Cir. 2015) ..................................................................................................................................... 5

*Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343 (Fed. Cir. 2016)......................... 6

*Magnacross LLC, v. A.B.P. Int'l, Inc.*, No. 3:18-cv-02368-M, Dkt. 27 (N.D. Tex. Feb. 25, 2019) ............................................................................................................................. 3

*McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016)....................... 6, 8

*Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422 (5th Cir. 2009) ........................................................................................................................... 2

*Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353 (Fed. Cir. 2020)..................... passim

*Trans Texas Holdings Corp.*, 498 F.3d 1290 (Fed. Cir. 2007)....................................................... 2

*Ultramercial, Inc. v. Hulu,* LLC, 772 F.3d 709 (Fed. Cir. 2014) .................................................. 4

*Whitserve LLC v. Dropbox, Inc.*, 2021 WL 1608941 (Fed. Cir. April 26, 2021).......................... 3

**Statutes**

35 U.S.C. § 101 .................................................................................................................. 1, 2, 10

**Rules and Regulations**

Fed. R. Civ. P. 12 ........................................................................................................................ 3

L.R. 3.3 ....................................................................................................................................... 1

**I.      INTRODUCTION**

OKI's Motion (Dkt. 33) demonstrated that Magnacross has failed to state a claim for relief, since the only asserted claim of the '304 Patent is directed to patent-ineligible subject matter under 35 U.S.C. § 101.  (*See* OKI's Mem. at 1).  In response, Magnacross does not even address the arguments actually presented in *this* case.  Instead, it appears that Magnacross has simply copied and pasted[1] the contents of a prior opposition brief from a previous case,[2] which responded to a *different* motion, on *different* grounds and which was focused on a substantively *different* representative claim.

As a result of this whole-cloth recycling of a brief from another case, Plaintiff's Opposition (Dkt. 33) is riddled with frivolous arguments and demonstrably false assertions.  For example, Magnacross asserts that the Complaint alleges that "Oki products infringed *at least* claim 1 of U.S. Patent No. 6,917,304."  (Opp. at 6; emphasis added). This is false.  The Complaint asserts infringement of *only* claim 1. (*See*, Complaint at ¶¶ 11, 12, 13, Prayer for Relief at "B" and Exhibit 2).  Magnacross also falsely asserts that OKI alleges (i) "all claims of the '304 Patent are invalid under § 101 and (ii) that Magnacross has failed to properly plead infringement". (Opp at 6). Both assertions are patently false.  First, OKI's Motion is limited to the *only* asserted claim – *i.e.*, Claim

---

[1]   In other words, it appears that Magnacross did not merely recycle arguments from a prior brief—despite the significant differences between the two cases—but haphazardly pasted arguments from a scanned .pdf into a new document.  Telltale indicia of this action include an almost entirely blank page 14, text running over the bottom margin on page numbers 16, *et seq.*, and numerous conjoined words (*e.g.*, "becausethey" at 5, "factualinferences" at 9 and "inefficientbandwidth" at 19).

[2]   Plaintiff criticizes OKI for failing to advise the Court of a prior ruling in a prior case involving the '304 Patent.  However, it is the plaintiff that bears the burden to file a Notice of Related Cases under the local rules.  *See* L.R. 3.3.  In this instance, Plaintiff filed its Notice of Related Cases (which, like its corporate disclosure, fails to comply with the local rules) only *after* the filing of OKI's Motion.

1 of the '304 Patent.³  Second, OKI's Memorandum in Support of its Motion ("Memorandum" or "Mem.") contains no assertion that Magnacross has failed to properly plead infringement.

More importantly though, Magnacross responds to arguments that OKI has not presented, while failing to respond to nearly every *actual* argument presented in OKI's Motion.  This includes failing to address controlling Federal Circuit decisions that issued in the interim that render Magnacross' arguments defective as a matter of law.  Thus, OKI's Motion stands unrebutted and Claim 1 of the '304 Patent must be found ineligible under 35 U.S.C. § 101 as a matter of law.

## II.   ARGUMENT

### A.   Plaintiff's Request for the "Same Result" Must be Denied

Magnacross requests the Court render the same decision as was rendered in the prior litigation involving a different defendant (*i.e.*, A.B.P. Int'l Inc., hereafter "ABP") (Opp. at 23). Doing so, however, would not only deprive OKI of its rights to be heard, but it would also run afoul of Federal Circuit precedent that has issued in the intervening time period.

OKI's Motion is substantively different than the prior motion brought by ABP.  ABP's motion relied on different grounds and presented different arguments. Notably, ABP's motion was focused on a different representative claim (*i.e.*, apparatus Claim 12), included other patent claims (*i.e.*, Claims 2-11 and 13-21), and relied upon different precedents and legal arguments.⁴  It is

---

³ This is in contrast to the Court's prior opinion, which involved all 21 Claims in the patent. OKI respectfully submits that the Court only has jurisdiction over asserted Claim 1 as there is no case or controversy with respect to the remaining unasserted claims (*i.e.*, Claims 2-21).

⁴ OKI was not a party to the prior litigation involving ABP and thus, it is not bound by the prior decision. *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 425 (5th Cir. 2009). The Supreme Court has held that "litigants ... who never appeared in a prior action[ ] may not be collaterally estopped without litigating the issue.... Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position." *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1297 (Fed. Cir. 2007) quoting *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971).

tautological that the ABP's motion could not have relied upon the Federal Circuit's decisions (most notably the holding in *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353 (Fed. Cir. 2020)) that have issued in the intervening time period.

Accordingly, OKI's motion must be considered on its own merits regardless of the outcome of the motion presented in the prior *ABP* case.

### 1. Plaintiff Has Failed to Argue the Need for Claim Construction

In the *ABP* case, the Court did not make any substantive determination with respect to the patent-eligibility of the patent claims at issue in that case. Rather, because the parties had presented a factual dispute that invoked claim construction, the Court deferred the question of patent-eligibility until after claim construction. *Magnacross LLC, v. A.B.P. Int'l, Inc.*, No. 3:18-cv-02368-M, Dkt. 27 (N.D. Tex. Feb. 25, 2019).

Unlike the *ABP* case, OKI's Motion does not involve any factual dispute and is not dependent upon claim construction. The Complaint in the present case includes a claim chart that clearly demonstrates how Magnacross construes and applies Claim 1 *vis-à-vis* the alleged infringement by the accused OKI product. (Complaint at Ex. 2). In accordance with FED. R. CIV. P., Rule 12, the facts alleged in the Complaint must be interpreted in a manner favorable to the non-moving party. Thus, for the limited purpose of OKI's Motion, Magnacross' claim construction as reflected in the claim chart accompanying the Complaint is assumed to be correct. OKI's Motion is entirely consistent with that claim interpretation. Of critical importance, Magnacross has not asserted otherwise, thereby mooting any need for claim construction.

Nowhere in Magnacross' Opposition does it assert that the claims must be construed. Equally important, Magnacross does not "explain how a different construction of any claim term would lead to a different result". *Whitserve LLC v. Dropbox, Inc.*, 2021 WL 1608941, *6 (Fed. Cir. April 26, 2021), citing *Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1357 (Fed.

3

Cir. 2003) (determining that a litigant who "d[oes] not urge a particular claim construction of the disputed language before the district court[] . . . waive[s] the right to do so on appeal").

As such, this is exactly the type of case in which patent-eligibility should be determined on the pleadings, prior to claim construction. *See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 719 (Fed. Cir. 2014) ("No formal claim construction was required because the asserted claims disclosed no more than 'an abstract idea garnished with accessories' and there was no 'reasonable construction that would bring [them] within patentable subject matter.'"); *see also,* Mem at 2.

### 2. Plaintiff's Recycled Brief Fails to Address Controlling Case Law

Magnacross' decision to file a recycled brief instead of a responsive brief resulted in it failing to distinguish or even address 16 of the 19 cases cited in OKI's Memorandum. The cases that Magnacross failed to address are dispositive of the issues to be determined in OKI's Motion.

For example, Magnacross has failed to address, much less distinguish *Cellspin Soft, Inc. v. Fitbit, Inc*., 927 F.3d 1306 (Fed. Cir. 2019) and/or *Simio,* both of which were decided in the intervening time since the ABP motion was denied. Indeed, Magnacross' reliance on its argument from its opposition to the prior the ABP motion – *i.e*., that the claims are patent-eligible because of the alleged improvement in **efficiency** (*see, e.g*., Opp. at 12 and 22) – is fatal in view of the holding in *Simio*. In *Simio*, the Federal Circuit expressly held that "'claiming the improved speed or efficiency inherent with applying the abstract idea on a computer' [is] insufficient to render the claims patent-eligible as an improvement to computer functionality." *Simio*, 983 F.3d at 1361 (Mem. at 7). As such, Magnacross' admission that Claim 1 is directed to a method of "how to more efficiently use bandwidth," confirms that Claim 1 is ***not*** patent-eligible.

Magnacross also failed to rebut *Digitech Image Tech., LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014), another case that was not relied upon in the ABP motion. In *Digitech*, the Federal Circuit found that method claims, like Claim 1, which are directed to a

process of organizing information and not tied to a specific structure or machine are drawn to an abstract idea. *Id*. at 1350-51. Like the method claims in *Digitech*, Claim 1 merely recites a process of taking existing information and organizing that information into a new form without being tied to a specific structure. *Id*. Magnacross' reliance on its prior brief from the *ABP* case results in a failure to distinguish *Digitech* and leaves OKI's arguments unrebutted.

While Magnacross' recycled opposition did address *Elec. Power Grp. LLC v. Alstom SA*, 830 F.3d 1350 (Fed. Cir. 2016), its recycled argument that *Elec. Power Grp.* "involved data collection and analysis, which is not at issue in these claims, **which instead relate to how to more efficiently** use bandwidth to transmit data from data sensors" (Opp. at 22; emphasis added), supports finding that Claim 1 is not patent-eligible under the subsequently issued holding in *Simio*.

Magnacross' attempt to distinguish the *Intellectual Ventures* and *DealerTrack* decisions (Opp. at 22) is inapposite since OKI has not relied on either case as they are not on point.

Accordingly, it would be unfair and legal error to render the "same result" as Magnacross requests. OKI's Motion is substantively different, is focused on a different representative claim, a different abstract idea and relies on different cases (some of which were decided after the denial of the ABP motion), and because Magnacross simply recycled its prior brief, it stands unrebutted.

### B.  Claim 1 of the '304 Patent is Not Patent-Eligible as a Matter of Law

Turning to the merits of the actual issues in **_this_** case, the parties' briefing demonstrates that Claim 1 is drawn to an abstract idea (*Alice* Step 1) and does not include an inventive step that renders the abstract idea patent-eligible (*Alice* Step 2).

#### 1.  *Alice* Step 1 – Claim 1 is Drawn to an Abstract Idea

OKI asserts that Claim 1 is directed to the abstract idea of "dividing a data channel into sub-channels and transmitting data from data sensors through said sub-channels." (*See, e.g.*, Mem. at 4 and 7). Magnacross failed to respond to OKI's assertion, arguing instead that "[t]he claims

are not directed to 'transmitting information from data sensors through said sub-channels.'" (Opp. at 12). As a result, Magnacross has failed to respond to, much less rebut, OKI's argument.[5]

Instead, Magnacross argues that "the claims improve the *efficient* bandwidth usage for the wireless transmission of data from local data sensors having substantially different data transmission rates" (Opp. at 12; emphasis added), which it asserts amounts to an "improvement in computer capabilities by solving problems related to *efficiently transmitting data* wirelessly" (Opp. at 15; emphasis added). This argument, however, fails as a matter of law.

In *Simio*, the patent holder made the same argument and relied upon the same cases as Magnacross (*i.e.*, *Enfish* and *McRO*). The Federal Circuit, however, rejected Magnacross' argument, holding, "'claiming the improved speed or efficiency inherent with applying the abstract idea on a computer' [is] insufficient to render the claims patent eligible as an improvement to computer functionality." *Simio*, 983 F.3d at 1361 (quoting *Customedia Technologies, LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020)). OKI respectfully submits the same result is compelled here.

The *Simio* court held the claims ineligible because unlike the claims in *Enfish* and *McRO*, there was no "actual technological improvement." *Id.* at 1361. Magnacross asserts that the steps

---

[5]   OKI's identification of the abstract idea is supported by the specification. The specification of the '304 Patent confirms that "[a]ccording to *the invention* there is provided a method [] for wireless transmission of data through a communications channel between at least two local data sensors … as defined in the accompanying claims." ('304 Patent at 2:60-64; emphasis added). The Federal Circuit has held that the use of the term "the invention" is dispositive. *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1353 (Fed. Cir. 2016). Magnacross has failed to address, much less rebut this argument. This failure is fatal to Claim 1 as the Federal Circuit has "consistently held that similar claims reciting the collection, transfer, and publishing of data are directed to an abstract idea." *Cellspin*, 927 F.3d at 1315. As noted *supra*, Magnacross does not even attempt to distinguish *Cellspin*.

of "*dividing* a communications channel into sub-channels with unequal data carrying capacities" and "*allocating* data from data sensors to the sub-channels" results in the alleged improved efficiency of wireless data transmission. (Opp. at 15; emphasis added). However, the Federal Circuit has held that steps such as ***dividing*** and ***allocating data*** are themselves abstract ideas, which are "insufficient to render the claims patent-eligible as an improvement to computer functionality." *Simio*, 983 F.3d at 1361; *see also*, *Digitech*, 758 F.3d at 1350-51 (finding that claims directed to a process of organizing information through mathematical correlations that were not tied to a specific structure or machine were drawn to an abstract idea.). Magnacross' assertion that Claim 1 is not abstract because it "requires a multiplexer capable of performing a particular function, a transmitter, and a control means capable of performing a particular function" (Opp. at 5) is to no avail because it is false.  Claim 1 ***does not require any specific structure or equipment***.  In fact, Magnacross expressly acknowledges that claim one does not recite any "hardware used". (Opp. at 20).  Yet, contrary to Magnacross' legal assertion that no hardware is required, the fact that the abstract idea is not tied to a specific structure or machine supports the finding that it is patent ineligible. *Digitech*, 758 F.3d at 1350-51.

  Contrary to Magnacross' assertion (Opp. at 17), the '304 Patent ***does not*** enable the system to do something that it could not do previously.  Magnacross does not, because it cannot, allege that it invented the use of bandwidth to wirelessly transmit data. The specification admits that was known. (*See, e.g.*, '304 Patent at 2:14-26).  Instead, Magnacross asserts that the method of Claim 1 performs that previously known function ***more efficiently***.  However, just as in *Simio*, Claim 1 does not improve or change the computer's functionality but, if anything, it merely improves the user's experience, which is legally insufficient to save the claim.  *Simio*, 983 F.3d at 1361 ("improving a user's experience while using a computer application is not, without more, sufficient

7

to render the claims directed to an improvement in computer functionality"); *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1288 (Fed. Cir. 2018) ("These benefits, however, are not improvements to the database functionality. Instead, they are benefits that flow from performing an abstract idea in conjunction with a well-known database structure.").

Magnacross' reliance on *Enfish*, *McRO* and *Bascom* is similarly misplaced. The claims in those cases were deemed patent-eligible because they were "directed to an improvement in the functioning of the computer." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) ; *Bascom Global Internet Serv. V. AT&T Mobility LLC*, 827 F.3d 1341, 1350-51 (Fed. Cir. 2016). Magnacross' only alleged improvement is with respect to ***efficiency***, which as discussed, ***does not*** constitute an improvement in computer functionality. *See Simio*, 983 F.3d at 1361.

Based on the unrebutted facts and points of law, OKI respectfully submits that Claim 1 is drawn to an abstract idea.

    **2.**    *Alice* **Step 2 – Claim 1 Does Not Include an Inventive Step that Renders the Abstract Idea Patent-Eligible**

Magnacross once again relies upon the allegedly "improved efficiency" as evidence that the claimed invention was unconventional. (Opp. at 22). Magnacross' reliance on alleged efficiencies afforded by the use of the abstract idea, once again fails as a matter of law. *Simio*, 983 F.3d at 1363 ("critically, 'a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention "significantly" more than that ineligible concept.'") (quoting *BSG Tech*, 899 F.3d at 1290).

Magnacross next argues the "inventive concept of the claims is found in ***two significant limitations*** that distinguish the claims from the abstract idea: ***dividing* … *and allocating***". (Opp. at 21; emphasis added). Magnacross asserts that "[t]hese two limitations achieved 'the economical

8

use of the available bandwidth' thereby improving upon the prior art." (Opp. at 21). However, the Federal Circuit has held the abstract limitations cannot be used to supply the inventive step. *Simio*, 983 F.3d at 1363.

Furthermore, as OKI has explained (Mem. at 9-10), the specification makes clear that both of these limitations were generic and conventional and thus, they ***cannot*** transform the abstract idea into patent-eligible subject matter:

1. The specification identifies prior art that teaches "separating the control channel from the data channel whereby the control channel bandwidths can be made significantly smaller." ('304 Patent at 2:23-26); and

2. The specification makes clear that these "data allocation systems" are well-understood and "can be readily designed accordingly by the technically skilled person" in the relevant art. ('304 Patent at 3:54-58). Additionally, the specification states that the "allocation is effected in accordance with the ***known*** data rate requirements of the individual sensors, according to their ***known*** uses" (*id.* at 5:57-59; emphasis added), thereby admitting that the sensors are being used for their known conventional functionality.

Magnacross has failed to respond to (much less rebut) any of these points and failed to consider (much less distinguish) the Federal Circuit's holding that patent eligibility may be determined on the intrinsic record alone where, as here, the specification states that the relevant claim elements are well-understood, routine and conventional. *Berkheimer v. HP (II)*, 890 F.3d 1369, 1371 (Fed. Cir. 2018) (noting that reliance on the specification alone as evidence to support a finding that the elements were well-understood, routine and conventional is appropriate where the specification admits as much).

Lastly, Magnacross argues that Claim 1 must survive the *Alice* Step 2 analysis because the claim has "additional features to ensure that the claims are more than drafted to monopolize the alleged abstract idea, **including (a) a multiplexer … and (b) control means**". (Opp. at 13; bold added). Once again, however, this statement is blatantly false, as these alleged "additional features" *are not included in Claim 1*. Magnacross has simply repeated the argument that was presented in its opposition to ABP's motion, which argument was directed to *Claim 12 – i.e.*, a claim that does include a multiplexer and a control means.

Based on the unrebutted facts and points of law, OKI respectfully requests the Court find Claim 1 is drawn to ineligible subject matter and its therefore invalid under 35 U.S.C. § 101.

### III. CONCLUSION

For the reasons set forth in its Memorandum in Support of Defendant's Motion to Dismiss and herein, OKI respectfully requests that its Motion to Dismiss be granted.

Submitted this 21st day of May, 2021

By: */s/ Marc R. Labgold*
Marc R. Labgold, Ph.D.
DC Bar No. 474969 (*pro hac vice*)
**OFFICES OF MARC R. LABGOLD, P.C.**
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Tel: (703) 901-8860
Fax: (877) 401-8855
Email: mlabgold@labgoldlaw.com

William D. Taylor
(TX Bar No. 24046954)
**TAYLOR & TAYLOR LAW, P.C.**
4115 Highgrove Dr.
Arlington, TX 76001
Tel: (817) 483-8388
Fax: (817) 483-8390
Email: wtaylor@taylorandtaylorlaw.com

*Counsel for Defendant Oki Data Americas Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve electronic notification of such filing to all counsel of record.

                      By: */s/ Marc R. Labgold*
                            Marc R. Labgold, Ph.D.
                            DC Bar No. 474969 (*pro hac vice*)