IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Magnacross LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**OKI Data Americas Inc.,**<br><br>   Defendant. | Case No. 3:20-cv-1959<br><br>Patent Case<br><br>Jury Trial Demanded |

**CORRECTED FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Magnacross LLC ("Plaintiff"), through its attorneys, complains of OKI Data Americas Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Magnacross LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 15922 Eldorado Pkwy Suite 500 #1572, Frisco, TX 75035.

2. Defendant OKI Data Americas Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 8505 Freeport Pkwy, Suite 600, Irving, TX 75063.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over breach of the contract (settlement) agreement) claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

### PATENT-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,917,304 (the "'304 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '304 Patent

9. The '304 Patent is entitled "Wireless mutliplex data transmission system," and issued 7/12/2005. The application leading to the '304 Patent was filed on 4/3//1998. A true and correct copy of the '304 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

10. The '304 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '304 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement.** Defendant has been and continues to directly infringe claim 1 of the '304 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claim 1 of the '304 Patent also identified in the charts incorporated into this Count literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe claim 1 of the '304 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, claim 1, by having its employees internally test and use these Exemplary Products.

14. Exhibit 2 includes charts comparing claim 1 to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '304 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of claim 1.

15. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

16. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: BREACH OF CONTRACT (BREACH OF VALID SETTLEMENT AGREEMENT REACHED ON JANUARY 18, 2021 AT 4:08PM EASTERN TIME)

17. Plaintiff incorporates the above paragraphs herein by reference. This cause of action is pled in the alternative to Count 1.

18. Following the filing of this suit, the parties entered into settlement negotiations to resolve the underlying disputes in this matter.

19. On Monday, January 18, 2021, at 4:02pm Eastern Time, counsel for Plaintiff Mr. Issac Rabicoff communicated with counsel for Defendant, Mr. Marc Labgold, in writing asking Mr. Labgold to confirm the agreed upon amount for settlement.

20. One minute later, on January 18, 2021, at 4:03pm Eastern Time, Mr. Labgold confirmed in writing via email the [withheld number].[1]

21. Three minutes later, on January 18, 2021, at 4:06pm Eastern time, Mr. Rabicoff confirmed in writing via email that the parties "have an agreement in principle at [withheld number]."

22. Two minutes later, on January 18, 2021, at 4:08pm Eastern time, Mr. Labgold responded, "Thank you. Marc" confirming the agreement in principle at [withheld number].

23. Plaintiff and Defendant, thus, had a valid settlement agreement at the [withheld number] as the settlement amount as of January 18, 2021 at 4:08pm Eastern Time, confirmed by counsel for both parties.

24. Following the parties confirming this valid settlement agreement, Mr. Rabicoff sent over a draft written settlement agreement to Mr. Labgold, which counsel for the parties negotiated for several months. Plaintiff, thus, tendered performance under the valid settlement agreement of January 18, 2021 at 4:08pm Eastern Time and was and is ready, willing and able to execute a written settlement agreement confirming the valid settlement agreement of January 18, 2021 at 4:08pm Eastern Time and then dismiss this matter.

---

[1] The exact number is withheld here due to confidentiality.

25. On April 14, 2021, at 9:57pm Eastern time, Mr. Labgold sent Mr. Rabicoff redline edits to the written settlement agreement, which unilaterally, and without explanation, changed the settlement amount in the written settlement agreement from the [withheld number] to a number considerably lower than [withheld number] and has represented that it will no longer agree to a settlement at the [withheld number], despite the valid settlement agreement reached on January 18, 2021 at 4:08pm Eastern Time. Defendant, thus, has breached the valid settlement agreement reached on January 18, 2021 at 4:08pm Eastern Time.

26. This has caused, and is causing, damages to Plaintiff as a result of Defendant's breach of the valid settlement agreement reached on January 18, 2021 at 4:08pm Eastern Time.

## JURY DEMAND

27. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '304 Patent is valid and enforceable;

B. A judgment that Defendant has infringed claim 1 of the '304 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E. Alternatively, an award for all breach of contract damages arising from Defendant's breach of the valid settlement agreement reached on January 18, 2021

at 4:08pm Eastern Time, including, without limitation, an award to Plaintiff of the [withheld number];

F. Attorneys' fees as a result of Defendant's breach of the valid settlement agreement reached on January 18, 2021 at 4:08pm Eastern Time;

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 15, 2021                    Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

Papool S. Chaudhari
State Bar No. 24076978
PRA Law
2800 Bartons Bluff Lane #1902
Austin, TX 78746
Tel. (214) 702-1150
papool@pralawllc.com

**Counsel for Plaintiff**
**Magnacross LLC**

## CERTIFICATE OF SERVICE

The foregoing was served in accordance with the Federal Rules of Civil Procedure on July 15, 2021.  Counsel of record was served via ECF.

_/s/ Issac Rabicoff_
Issac Rabicoff