IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MAGNACROSS LLC**, | |
| Plaintiff, | Civil Action No.: 3:20-cv-1959-M |
| v. | |
| **OKI DATA AMERICAS INC.**, | **TRIAL BY JURY DEMANDED** |
| Defendant. | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

1

**I.      INTRODUCTION**

Plaintiff Magnacross LLC ("Plaintiff") submits this reply brief in support of its Cross-Motion for Summary Judgment against Defendant OKI Data Americas, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 56(a) on Plaintiff's Count II of its Corrected First Amended Complaint, which necessarily provides a full disposition of the matter.

**II.     THE CONTROLLING LAW DOES NOT "MANDATE" DISMISSAL OF COUNT II**

Defendant argues that the "controlling law" mandates dismissal of Count II. Response at 4-8, specifically citing to law that states that "only if the terms are sufficiently definite to enable a court to understand the parties' obligations." *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir. 2006). In making this argument, Defendant ignores the fact that *Defendant* had made an offer on January 12, 2021 to "settle the case on a nuisance basis for $25.000" (Plaintiff's A001), the parties negotiated the specific dollar amount (Plaintiff's A002-A007), and then Defendant agreed to "57.5" meaning "$57,500" and confirmed the same. Plaintiff's A008.

The terms are sufficiently definite to enable a court to understand the parties' obligations: Defendant agreed to pay $57,500 to Plaintiff to "settle" (Defendant's own words, Plaintiff's A001) the case. Defendant has failed to pay $57,500 to Plaintiff and refuses to do, and, is, thus, in breach of the January 18, 2021 settlement agreement. While Defendant attempts to add needless complexity, it does not obfuscate the record showing that Defendant offered $25,000 to "settle" the case, the parties negotiated the dollar amount leaving the "settle" term intact, and then agreed at $57,500 to settle the case.

**III.    DEFENDANT'S ARGUMENT REGARDING THE TERM "SETTLE" IS NONSENSICAL**

Despite the fact that Plaintiff offered evidence in the form of dictionary definitions of the term "settle" as used in Defendant's initial offer email (Plaintiff's A001), Defendant offers no good faith opposition to this.  Defendant cites to a definition of "full settlement" (Response at 9), but Defendant's January 12, 2021 email does use the term "full settlement."  Again, Defendant made the initial offer and offered to "settle the case on a nuisance basis for $25.000". Plaintiff's A001. Nowhere in Defendant's offer, or its acceptance (Plaintiff's A008) is the term "full settlement" used.

Defendant continues with a completely false statement in its response: "[i]n the context of this dispute, wherein Plaintiff required a written agreement before dismissal with prejudice and alleged continuing patent violations, the term "settle" and "settlement" necessarily contemplated a written agreement that included all essential terms." Response at 9. As has been stated *ad nauseum* in Plaintiff's brief, the "written agreement" was a separate draft written agreement regarding <u>other</u> terms and did not disturb the January 18, 2021 settlement agreement. Plaintiff itself has stated that it "was and still is ready, willing and able to jointly dismiss its claims with prejudice upon receipt of the agreed settlement amount—$57,500—or $57,500 minus any Japanese Tax Withholding amount." (Plaintiff's A219 at ¶ 13).

Defendant contends that because Mr. Rabicoff had stated, in the course of the negotiations of the separate draft written settlement agreement, that "[w]e can dismiss before the EOT if we have a fully executed deal. Otherwise we might get a final 2-week extension," "[t]here is no equivocation or ambiguity — Magnacross was not willing to dismiss the case until a 'fully executed deal' was achieved.  This evidence eviscerates the false narrative that the parties had agreed to "settle" and "dismiss with prejudice" on January 18, 2021" Response at 10.

3

Again, this not only disregards the January 18, 2021 settlement agreement, but more importantly, Plaintiff has stated that it was and is still willing to dismiss its claims with prejudice in exchange for receipt of the sum of $57,500 (with or without Japanese tax withholding). Plaintiff's A219 at ¶ 13.  Had Defendant paid Plaintiff $57,500—as agreed under the January 18, 2021 settlement agreement—Plaintiff would have had the obligation to dismiss the case with prejudice.

Mr. Rabicoff's negotiations on behalf of Plaintiff of the **separate draft written settlement agreement** do not change the fact that a settlement agreement was entered into on January 18, 2021 to "settle" in exchange for receipt of the sum of $57,500. In its Cross-Motion, Plaintiff provided authority that a binding settlement agreement may exist when parties agree upon some terms, understanding them to be an agreement, and leave other terms to be made later. *Gen. Metal Fabricating Corp. v. Stergiou*, 438 S.W.3d 737, 744 (Tex. App.-Houston [1st Dist.] 2014, no pet). Defendant offers no response or opposition to this authority.  Defendant uses a considerable amount of pages in its brief dissecting the separate draft written settlement agreement, but as the law in *Stergiou* holds, there can be a binding settlement agreement even with other terms are to be made later.  Here, a binding settlement agreement was reached on January 18, 2021.  The parties attempted to negotiate other terms, but as *Stergiou* holds, that does not change the nature of what was agreed to on January 18, 2021.  More importantly—and Defendant repeatedly fails to address this point—Defendant's offer as written on January 12, 2021 (Plaintiff's A001) fails to make any mention of the separate written agreement or any qualifications to its offer.  **If** Mr. Labgold's January 12, 2021 email made the offer to "settle the case on a nuisance basis for $25.000, *subject to the execution of separate written settlement agreement*" then Defendant's argument would be

4

correct. Defendant and Mr. Labgold could have said that, if that is what they intended. Instead Defendant, through Mr. Labgold, unequivocally and unambiguously stated:

> **From:** Marc R. Labgold <mlabgold@labgoldlaw.com>
> **Sent:** Tuesday, January 12, 2021 1:11 PM
> **To:** Isaac Rabicoff
> **Subject:** Rule 408 Privileged Communication re: Magnacross v Oki Data Americas
>
> **Follow Up Flag:** Follow up
> **Flag Status:** Flagged
>
> Isaac,
>
> Thank you again for your patience and cooperation to date. We have considered your client's latest response. Suffice it to say that the parties have diametric views on the scope and validity of the patent-in-suit and the issue of infringement. As such, it does not make economic sense to continue to discuss the merits.
>
> That said, it makes little sense to devote valuable resources to litigating the dispute. As such, my client is willing to settle the case on a nuisance basis for $25,000.
>
> I look forward to your client's response.
>
> With best regards,
>
> Marc

Plaintiff's A001. This is the only email in the course of negotiating the settlement that was reached on January 18, 2021 that specifies a non-monetary term ("settle"). This was the offer, to which only the dollar amount was negotiated, and on January 18, 2021, through Defendant's acceptance, there was a settlement agreement "to settle the case on a nuisance basis for $57,500." There is simply no genuine issue of material fact here and Defendant's emails completely eviscerate their argument.

IV.     **PLAINTIFF'S REPRESENTATIONS TO THE COURT DO NOT CONSTITUTE AN ADMISSION**

Defendant argues that because Plaintiff did not reference the January 18, 2021 settlement agreement in the joint report and in fact stated that, as part of the joint report, that "[t]he parties have engaged in preliminary settlement discussions. The parties jointly propose that they conduct

5

further settlement discussions following claim construction," that somehow Plaintiff made an admission that there was no January 18, 2021 settlement agreement. Response at 14-15.

As an initial matter, at the time the joint report was filed, Plaintiff's newly engaged local counsel, Mr. Chaudhari, was unaware of the January 18, 2021 settlement agreement. Plaintiff's A232 at ¶ 3 ("I had not been initially informed that settlement was actually reached on January 18, 2021."). More importantly, as of the joint report dated May 28, 2021, although the January 18, 2021 settlement agreement had been reached, Defendant had yet to pay $57,500 to Plaintiff. Accordingly, Plaintiff had no obligation to dismiss the case at that point. The statements made in the joint report referenced the separate draft written settlement agreement, which contained other terms that were not finalized. The joint scheduling report did not reference the January 18, 2021 settlement agreement because Plaintiff was still attempting to amicably resolve the dispute over the separate draft written settlement agreement, and announcing to the Court at that time that Plaintiff took the position that there was an enforceable January 18, 2021 settlement agreement would not be amicable. It was only after Plaintiff requested a zoom call with screen share to go over the separate draft written agreement just before the Memorial Day 2021 holiday and Defendant, through counsel, intentionally delayed having the call *for two months* (*see* Plaintiff's A236 at ¶¶22-23), did Plaintiff realize that Defendant was no longer engaging in good faith negotiations of the separate draft written settlement agreement, leaving Plaintiff no choice but to enforce the January 18, 2021 settlement agreement by adding Count II to an Amended Complaint.

Accordingly, what Defendant so desperately wants to classify an admission is nothing more than Defendant's attempt to "wiggle" out of an explicit contract the parties entered into on January 18, 2021.

V.     **CONCLUSION**

There is no genuine issue of material fact that the parties entered into a settlement agreement as evidenced by emails between counsel on January 12 and 18, 2021. That settlement agreement was to "settle" (dismiss with prejudice) in exchange for Defendant's payment of $57,500. Despite Defendant's pleas that this was just one term of the much longer written settlement and license agreement that did not bind Defendant absent mutual agreement on the written agreement, the offer to "settle" made on January 12, 2021 was never conditioned by Defendant on reaching a separate full written agreement, but was always simply an offer to "settle" for a certain monetary sum, which was agreed to be $57,500. Defendant has clearly breached this agreement by refusing to pay $57,500 (with or without Japanese tax withholding), and there is no genuine issue of material fact concerning this. Accordingly, the Court should respectfully grant Plaintiff's cross-motion for summary judgment for breach of the January 18, 2021 settlement agreement and award Plaintiff $57,500.00 as damages for the breach, and respectfully enter final judgment against Defendant, ending this litigation.

Dated:  September 24, 2021

Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

Papool S. Chaudhari
State Bar No. 24076978
PRA Law
2800 Bartons Bluff Lane #1902
Austin, TX 78746
Tel. (214) 702-1150
papool@pralawllc.com

**Counsel for Plaintiff**
**Magnacross LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all counselof record who have appeared in this case on September 24, 2021, and who are deemed to have consented to electronic service via the Court's CM/ECF system pursuant to Local Rule CV-5.1(d).

*/s/ Isaac Rabicoff*
Isaac Rabicoff
